IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHINITA WASHINGTON, individually and on behalf of the classes defined herein,<br><br>        Plaintiff,<br><br>vs.<br><br>RJM ACQUISITIONS, LLC,<br><br>        Defendant. | FILED: MAY 15, 2008<br>08CV2825   LCW<br>JUDGE ASPEN<br>MAGISTRATE JUDGE KEYS |

## COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE CLAIMS

#### INTRODUCTION

1. There is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

2. There are multiple reported cases in which debtors have been subjected to litigation because they "settled" with A and then B claimed to own the debt. Smith v. Mallick, 514 F.3d 48 (D.C. Cir. 2008) (commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulently] settles debt it no longer owns, settlement held binding because notice of assignment not given, but obligor subjected to litigation as result). See also, Miller v. Wolpoff & Abramson, LLP, 1:06-CV-207-TS, 2008 U.S. Dist. LEXIS 12283 (N.D. Ind., Feb. 19, 2008), where a debtor complained he had been sued twice on the same debt; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 923 (N.D. Ill. 2000), where the debtor claimed he settled with one agency and was then dunned by a second for the same debt, and Northwest Diversified, Inc. v. Desai, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

3. In Wood v. M&J Recovery LLC, CV 05-5564, 2007 U.S. Dist. LEXIS 24157 (E.D. N.Y., Apr. 2, 2007), a debtor complained of multiple collection efforts by various

1

debt buyers and collectors on the same debt, and the defendants asserted claims against one another disputing the ownership of the portfolio involved. Shekinah alleged that it sold a portfolio to NLRS, that NLRS was unable to pay, that the sale agreement was modified so that NLRS would only obtain 1/5 of the portfolio, and that the 1/5 did not include the plaintiff's debt. Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

4. In Associates Financial Services Co. v. Bowman, Heintz, Boscia & Vician, P.C., IP 99-1725-C-M/S, 2001 U.S. Dist. LEXIS 7874, *9-12 (S.D. Ind., Apr. 25, 2001), later opinion, 2004 U.S. Dist. LEXIS 6520 (S.D. Ind., Mar. 31, 2004), allegations were made that a creditor had continued to collect accounts allegedly sold to a debt buyer.

5. Courts have also dismissed numerous collection and foreclosure lawsuits filed in the names of entities that did not own the purported debts. In re Foreclosure Cases, 1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio, Oct. 31, 2007); In re Foreclosure Cases, 07-cv-166 and 18 others, 2007 U.S. Dist. LEXIS 90812 (S.D. Ohio, Nov. 27, 2007); In re Foreclosure Cases, 521 F. Supp. 2d 650 (S.D. Ohio 2007); In re Foreclosure Cases, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 (S.D. Ohio, Dec. 27, 2007); NovaStar Mortgage, Inc. v. Riley, 3:07-CV-397, 2007 U.S. Dist. LEXIS 86216 (S.D. Ohio, Nov. 21, 2007); NovaStar Mortgage, Inc. v. Grooms, 3:07-CV-395, 2007 U.S. Dist. LEXIS 86214 (S.D. Ohio, Nov. 21, 2007); HSBC Bank USA v. Rayford, 3:07-CV-428, 2007 U.S. Dist. LEXIS 86215 (S.D. Ohio, Nov. 21, 2007); Everhome Mtge. Co. v. Rowland, 2008 Ohio 1282; 2008 Ohio App. LEXIS 1103 (Ohio App., Mar. 20, 2008) (judgment for plaintiff reversed because it failed to introduce assignment or establish that it was the holder of the note and mortgage); Deutsche Bank National Trust Co. v. Castellanos, 277/07, 2008 NY Slip Op 50033U; 18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44; 239 N.Y.L.J. 16 (Kings Co., N.Y., Sup. Ct., Jan. 14, 2008); HSBC Bank USA, N.A. v. Valentin, 15968/07, 2008 NY Slip Op 50164U; 14 Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229 (Kings Co., N.Y., Sup. Ct., Jan. 30, 2008); HSBC Bank USA, N.A. v. Cherry, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A; 2007 N.Y.

Misc. LEXIS 8279; 239 N.Y.L.J. 2 (Kings Co., N.Y. Sup. Ct., Dec. 17, 2007); <u>Deutsche Bank National Trust Co. v. Castellanos</u>, 15 Misc. 3d 1134A; 841 N.Y.S.2d 819 (Kings. Co., N.Y. Sup. Ct. 2007).

   6. Debt buyer American Acceptance has a lawsuit pending alleging that a broker of charged-off debts sold it debts to which it did not have title. <u>American Acceptance Co. v. Goldberg</u>, 2:08cv9 (N.D. Ind.). Another debt buyer, Hudson & Keyse, filed suit alleging that the same debt broker obtained information about consumer debts owned by Hudson & Keyse and used the information to try to collect the debts for its own account, even though it didn't own them. <u>Hudson & Keyse, LLC v. Goldberg & Associates, LLC</u>, 07-81047-civ (S.D. Fla., filed Nov. 5, 2007). A similar suit, alleging that the broker resold accounts it did not own, was filed by Old National Bank (<u>Old National Bank v. Goldberg & Associates</u>, 9:08-cv-80078-DMM (S.D. Fla., Jan. 24, 2008). The same debt broker is accused in another complaint of selling 6,521 accounts totaling about $40 million face value which it did not own. <u>RMB Holdings, LLC v. Goldberg & Associates, LLC</u>, 3:07-cv-00406 (E.D. Tenn., filed Oct. 29, 2007). Other debt buyers have voiced similar complaints. "Florida Broker Faces Multiple Lawsuits," Collections & Credit Risk, April 2008, p. 8.

   7. In a related abuse, debt buyers would "purchase" debts with minimal information about the debtor and then try to "collect" them from anyone with a similar name. In 2004, the Federal Trade Commission shut down a debt buyer called CAMCO headquartered in Illinois. The following is from a press release issued by the FTC in connection with that case.

> ... In papers filed with the court, the agency charged that as much as 80 percent of the money CAMCO collects comes from consumers who never owed the original debt in the first place. Many consumers pay the money to get CAMCO to stop threatening and harassing them, their families, their friends, and their co-workers.
>
> According to the FTC, CAMCO buys old debt lists that frequently contain no documentation about the original debt and in many cases no Social Security Number for the original debtor. CAMCO makes efforts to find people with the same name in the same geographic area and tries to collect the debt from them – whether or not they are the actual debtor. In papers filed with the court, the FTC alleges that CAMCO agents told consumers – even consumers who never owed the money – that they were legally obligated to pay. They told consumers that if they

3

did not pay, CAMCO could have them arrested and jailed, seize their property, garnish their wages, and ruin their credit. All of those threats were false, according to the FTC.... (http://www.ftc.gov/opa/2004/12/camco.htm).

8. In order to protect Illinois residents against this sort of abuse, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies." This makes applicable the special assignment requirements in ICAA §8b, 225 ILCS 425/8b. Illinois courts had held prior to the amendment that a party that was required to but did not have an assignment that complied with ICAA §8b does not have a valid claim and that the defendant in such a case is entitled to judgment. <u>Business Service Bureau, Inc. v. Webster</u>, 298 Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

9. Section 8b of the ICAA provides:

> **Sec. 8b.** An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:
>
> (a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:
>
> (i) the effective date of the assignment; and
>
> (ii) the consideration for the assignment.
>
> (b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.
>
> (c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.
>
> (d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.
>
> (e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .

10. Furthermore, the assignment must be attached to the complaint. <u>Candice Co. v. Ricketts</u>, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

11. Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title...." 735 ILCS 5/2-403(a).

12. Defendant RJM Acquisitions, LLC, a debt buyer regulated by the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with ICAA §8b and, therefore, without valid claims.

13. In this action, plaintiff complains that such practice violates both the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f, and ICAA §9.

14. Plaintiff further complains that defendant RJM Acquisitions, LLC engages in a practice of filing time-barred collection lawsuits.

## VENUE AND JURISDICTION

15. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

16. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications and activities impacted plaintiff within this District;

   b. Defendant does business or is located within this District.

## PARTIES

17. Plaintiff Chinita Washington is an individual who resides in the Northern District of Illinois.

18. Defendant RJM Acquisitions, LLC is a limited liability company chartered under New York law with offices at 575 Underhill Blvd., Suite 224, Syosset, NY 11791.

19. Defendant RJM Acquisitions, LLC does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

20. Defendant RJM Acquisitions, LLC is engaged in the business of purchasing charged-off consumer debts and enforcing the debts against the consumers.

21. Defendant RJM Acquisitions, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

22. Defendant RJM Acquisitions, LLC regularly uses the mails and telephones to collect debts.

23. Defendant RJM Acquisitions, LLC has been the plaintiff in more than 50 lawsuits filed in Illinois since January 1, 2008 and seeking to collect consumer debts.

24. Because the purported obligations were originally owed to other entities and were charged off prior to purchase, RJM Acquisitions, LLC is a "debt collector" as defined in the FDCPA.

25. RJM Acquisitions, LLC is also a "collection agency" as defined in the ICAA, and has in fact secured a license as such from the state of Illinois.

## FACTS RELATING TO PLAINTIFF

26. On or about March 6, 2008, RJM Acquisitions, LLC filed suit against plaintiff Chinita Washington in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes. RJM Acquisitions, LLC claimed to have purchased the debt.

27. The complaint did not attach any sort of assignment.

28. On information and belief, defendant did not have an assignment that complied with §8b of the Collection Agency Act.

29. The complaint did not have attached to it a contract signed by the putative debtor.

30. The complaint had attached to it a "charge off statement" claiming that the debt sued upon had been charged off in late 1999.

31. Defendant therefore did not have any sort of valid claim and knew or

should have known that it did not have a valid claim.

32. The complaint represented that "RJM Acquisitions, LLC is the bona fide owner of title to this action."

33. In light of the absence of an assignment that complied with the ICAA, such statement was false.

### SUING ON DEBTS NOT ASSIGNED TO DEFENDANT

34. Defendant RJM Acquisitions, LLC regularly files lawsuits on debts it claims to have purchased without having an assignment that complies with §8b of the Collection Agency Act, and therefore, without a valid claim.

35. Defendant knows or should know it has no valid claim, but files suit anyway because consumers are unlikely to realize the fact.

36. On information and belief, based on a computer search of court records, defendant has filed over 50 such lawsuits.

### SUING ON TIME-BARRED DEBTS

37. Most complaints filed by RJM Acquisitions, LLC on credit card debts in Illinois courts are based on credit card debts allegedly originated by banks.

38. On information and belief, based on review of many such complaints, complaints filed by RJM Acquisitions, LLC on credit card debts in Illinois courts never have attached to them a contract signed by the putative debtor.

39. The alleged credit card debt that RJM Acquisitions, LLC sought to collect from plaintiff allegedly went into default more than five years prior to the filing of suit.

40. All collection files on which RJM Acquisitions, LLC files suit contain, in easily retrievable form, the date the debt was charged off.

41. This information was also included on a page attached to most or all collection lawsuits filed by RJM Acquisitions, LLC in Illinois.

42. The statute of limitations applicable to an action on a contract that is not

wholly in writing under Illinois law is five years. 735 ILCS 5/13-205. <u>Parkis v. Arrow Financial Services, LLC</u>, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill., Jan. 8, 2008); <u>Nicolai v. Mason</u>, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

43.     Under Illinois law, for there to be a "written contract" the writing must be "complete," in that it identifies the parties, states the date of the agreement; contains the signatures of the parties; and sets forth all terms of the parties' agreement. <u>Brown v. Goodman</u>, 147 Ill.App.3d 935, 940, 498 N.E.2d 854 (1st Dist. 1986). "The test for whether a contract is written under the statute of limitations in Illinois is <u>not</u> whether the contract meets the requirements of the Statute of Frauds, but whether all essential terms of the contract, including the identity of the parties, are in writing and can be ascertained from the written instrument itself." <u>Brown v. Goodman, supra</u>, 147 Ill. App. 3d at 940-41. If *any* essential element of the contract is omitted from the writing, "'then the contract *must* be treated as oral for purposes of the statute of limitations.'" <u>Armstrong v. Guigler</u>, 174 Ill. 2d 281, 288, 673 N.E.2d 290, 295 (1996).

44.     If nothing amounting to a contract wholly in writing is attached to the complaint pursuant to 735 ILCS 5/2-606, it is presumed that the contract is not wholly in writing. <u>Barnes v. Peoples Gas Light & Coke Co.</u>, 103 Ill.App.2d 425, 428, 243 N.E.2d 855 (1st Dist. 1968) ("The complaint does not purport to be based on a written instrument such as a tariff. If it were, then, of course, the relevant portions of that instrument would have to be recited in, or attached to, the pleading, and, as indicated, they were not."); <u>O.K. Electric Co. v. Fernandes</u>, 111 Ill.App.3d 466, 444 N.E.2d 264, 266-67 (2nd Dist. 1982) ("Unless the complaint purported to be based upon a written instrument, it is assumed to be an oral contract.").

45.     Furthermore, a contract is not wholly in writing if it is subject to change from time to time by means of one party sending terms to the other and the other continuing to do business or failing to object. <u>Toth v. Mansell</u>, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); <u>Classified Ventures, Inc. v. Wrenchead, Inc.</u>, 06 C 2373, 2006 U.S. Dist. LEXIS 77359 (N.D. Ill., Oct. 11, 2006). This is because parol evidence is necessary to show what terms

were sent from time to time and that the putative debtor accepted them by continuing to do business.

46. Defendant RJM Acquisitions, LLC regularly files suit against Illinois residents on credit card debts that are (a) in default more than five years, as measured by the later of the date of last payment or the charge-off date, (b) without attaching a contract signed by the debtor. Furthermore, the credit cards were originally issued by banks which conducted business by notifying the consumer periodically of new terms, which terms were accepted by the consumer either continuing to do business or failing to object.

47. Defendant RJM Acquisitions, LLC intentionally filed suit on credit card debts that allegedly went into default more than five years previously, claiming that it had ten years to file suit.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT – ASSIGNMENTS

48. Plaintiff incorporates paragraphs 1-47.

49. The filing and prosecution of collection lawsuits notwithstanding a known defense, in the hope that the consumer will not raise the defense, is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

50. Since Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1488 (M.D. Ala. 1987), "bringing a lawsuit to which there appears to exist a complete defense" in the hope that the consumer will not realize it exists and will default or pay has been a violation of the FDCPA.

51. In addition, defendant affirmatively represented that it had "title to this action" when the requisite assignment did not exist.

52. Section 1692e provides:

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

9

> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:** ...
>
> > (2)   The false representation of--
> >
> > > (A)   the character, amount, or legal status of any debt; ...
> >
> > (5)   The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
> >
> > (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

53.   Section 1692f provides:

> **§ 1692f.   Unfair practices [Section 808 of P.L.]**
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

## CLASS ALLEGATIONS

54.   Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendant RJM Acquisitions, LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

55.   The class is so numerous that joinder of all members is not practicable.

56.   On information and belief, there are at least 40 individuals against whom defendant RJM Acquisitions, LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

57.   There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

> a.   Whether defendant engages in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA;
>
> b.   Whether such lawsuits are therefore subject to a defense of which defendant knows or should know about;

   c. Whether such practice is an unfair or deceptive;

   d. Whether defendant violates the ICAA.

  58. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

  59. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

  60. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. Members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

  WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

   (1) Statutory damages;

   (2) Actual damages;

   (3) Attorney's fees, litigation expenses and costs of suit;

   (4) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT – ASSIGNMENTS

  61. Plaintiff incorporates paragraphs 1-47.

  62. Defendant is a "collection agency" as defined in the ICAA. Section 425/3(d), as amended effective January 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it ... [b]uys accounts, bills or other indebtedness and engages in collecting the same...." Previously coverage was limited to a person who "[b]uys accounts, bills or other indebtedness with recourse and engages in collecting the same...." By deleting "with

recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

63. Defendant violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein.

64. Defendant violated the following provisions of 225 ILCS 425/9:

> **...(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. ...**

65. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

66. Plaintiff and the members of the class were damaged as a result.

## CLASS ALLEGATIONS

67. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendant RJM Acquisitions, LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

68. The class is so numerous that joinder of all members is not practicable.

69. On information and belief, there are at least 40 individuals against whom defendant RJM Acquisitions, LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

70. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

   a. Whether defendant engages in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA;

   b. Whether such lawsuits are therefore subject to a defense of which defendant knows or should know about;

   c. Whether such practice is an unfair or deceptive;

        d.    Whether defendant violates the ICAA.

71.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

72.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

73.    A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.    Individual actions are not economically feasible;

        b.    Members of the class are likely to be unaware of their rights.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and the class and against defendant:

        c.    Compensatory, punitive and nominal damages;

        d.    Costs;

        e.    Such other and further relief as is appropriate.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT – ASSIGNMENTS

74.    Plaintiff incorporates paragraphs 1-47.

75.    Defendant's conduct as set forth above constitutes both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

76.    Defendant engaged in such conduct in the course of trade and commerce.

77.    Defendant engaged in such conduct for the purpose of obtaining money from plaintiff and others.

78.    Plaintiff and the members of the class were damaged as a result.

## CLASS ALLEGATIONS

79.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendant RJM

Acquisitions, LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

80. The class is so numerous that joinder of all members is not practicable.

81. On information and belief, there are at least 40 individuals against whom defendant RJM Acquisitions, LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

82. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant engages in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA;

    b. Whether such lawsuits are therefore subject to a defense of which defendant knows or should know about;

    c. Whether such practice is an unfair or deceptive;

    d. Whether defendant violates the ICAA.

83. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

84. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

85. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    c. Actual damages;

14

    d.    Punitive damages;

    e.    An injunction against further violations;

    f.    Attorney's fees, litigation expenses and costs of suit;

    g.    Such other or further relief as the Court deems proper.

## COUNT IV – FDCPA – TIME BARRED DEBTS

86.    Plaintiff incorporates paragraphs 1-47.

87.    The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

88.    Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2)    The false representation of--
>
>     (A)    the character, amount, or legal status of any debt; . . .
>
> (5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

89.    Section 1692f provides:

> **§ 1692f.    Unfair practices [Section 808 of P.L.]**
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

## CLASS ALLEGATIONS

90.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

91.    The class consists of (a) all individuals (b) against whom defendant RJM

15

Acquisitions, LLC filed a lawsuit in Illinois, (c) to collect an alleged credit card debt (d) where the later of the charge-off date, date of delinquency or date of last payment, according to the records of RJM Acquisitions, LLC, was more than five years prior to the filing at the time of filing, (e) which lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

92. The class is so numerous that joinder of all members is not practicable.

93. On information and belief, there are more than 50 individuals against whom defendant RJM Acquisitions, LLC filed a lawsuit in Illinois, to collect an alleged credit card debt where the later of the charge-off date, date of delinquency or date of last payment, according to the records of RJM Acquisitions, LLC, was more than five years prior to the filing at the time of filing, which lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

94. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the FDCPA.

95. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

96. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

97. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible;

    b.    Members of the class are likely to be unaware of their rights;

    c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

## COUNT V – ILLINOIS COLLECTION AGENCY ACT – TIME BARRED DEBTS

98. Plaintiff incorporates paragraphs 1-47.

99. By filing and prosecuting suits on time-barred debts, RJM Acquisitions, LLC violated the following provisions of 225 ILCS 425/9(a), which defines violations of the Collection Agency Act:

> ....(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .
>
> (31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public. . . .

100. There is a private right of action for violation of the Collection Agency Act. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

101. Plaintiff was damaged as a result of defendant's violations.

102. Defendant's violations were intentional and malicious.

## CLASS ALLEGATIONS

103. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

104. The class consists of (a) all individuals (b) against whom defendant RJM Acquisitions, LLC filed a lawsuit in Illinois, (c) to collect an alleged bank-issued credit card debt (d) where the later of the charge-off date, date of delinquency or date of last payment, according to the records of RJM Acquisitions, LLC, was more than five years prior to the filing at the time of filing, (e) which lawsuit was filed during a period beginning 5 years prior to the filing of this

action and ending 20 days after the filing of this action

105. The class is so numerous that joinder of all members is not practicable.

106. On information and belief, there are more than 50 individuals against whom defendant RJM Acquisitions, LLC filed a lawsuit in Illinois, to collect an alleged bank-issued credit card debt, where the later of the charge-off date, date of delinquency or date of last payment, according to the records of RJM Acquisitions, LLC, was more than five years prior to the filing at the time of filing, which lawsuit was filed during a period beginning 5 years prior to the filing of this action and ending 20 days after the filing of this action

107. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the Collection Agency Act.

108. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

109. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

110. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    (1) Compensatory damages;

    (2) Punitive damages;

    (3) An injunction against further violations;

    (4) Costs;

   (5)  Such other and further relief as is appropriate.

                         _____
                         Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

  Plaintiff demands trial by jury.

                         _____
                         Daniel A. Edelman

## NOTICE OF LIEN

    Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

*/s/*
_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)