**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHINITA WASHINGTON, and ) 
ZULFIGAR A. ALVI, ) 
individually and on behalf of the classes ) 
defined herein, ) 
             ) 
           Plaintiffs, )    Case No. 08 CV 2825 
             )    Judge Marvin E. Aspen 
       vs. )    Magistrate Judge Arlander Keys 
             ) 
RJM ACQUISITIONS, LLC, ) 
             ) 
           Defendant. )

## PLAINTIFFS' FIRST AMENDED COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.     There is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

2.     There are multiple reported cases in which debtors have been subjected to litigation because they "settled" with A and then B claimed to own the debt.  Smith v. Mallick, 514 F.3d 48 (D.C. Cir. 2008) (commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulently] settles debt it no longer owns, settlement held binding because notice of assignment not given, but obligor subjected to litigation as result).  See also, Miller v. Wolpoff & Abramson, LLP, 1:06-CV-207-TS, 2008 U.S. Dist. LEXIS 12283 (N.D. Ind., Feb. 19, 2008), where a debtor complained he had been sued twice on the same debt; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 923 (N.D. Ill. 2000), where the debtor claimed he settled with one agency and was then dunned by a second for the same debt, and Northwest Diversified, Inc. v. Desai, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

3.     In Wood v. M&J Recovery LLC, CV 05-5564, 2007 U.S. Dist. LEXIS

1

24157 (E.D. N.Y., Apr. 2, 2007), a debtor complained of multiple collection efforts by various debt buyers and collectors on the same debt, and the defendants asserted claims against one another disputing the ownership of the portfolio involved. Shekinah alleged that it sold a portfolio to NLRS, that NLRS was unable to pay, that the sale agreement was modified so that NLRS would only obtain 1/5 of the portfolio, and that the 1/5 did not include the plaintiff's debt. Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

4.    In Associates Financial Services Co. v. Bowman, Heintz, Boscia & Vician, P.C., IP 99-1725-C-M/S, 2001 U.S. Dist. LEXIS 7874, *9-12 (S.D. Ind., Apr. 25, 2001), later opinion, 2004 U.S. Dist. LEXIS 6520 (S.D. Ind., Mar. 31, 2004), allegations were made that a creditor had continued to collect accounts allegedly sold to a debt buyer.

5.    Courts have also dismissed  numerous collection and foreclosure lawsuits filed in the names of entities that did not own the purported debts.  In re Foreclosure Cases, 1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio, Oct. 31, 2007); In re Foreclosure Cases, 07-cv-166 and 18 others, 2007 U.S. Dist. LEXIS 90812 (S.D. Ohio, Nov. 27, 2007); In re Foreclosure Cases, 521 F. Supp. 2d 650 (S.D. Ohio 2007); In re Foreclosure Cases, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 (S.D. Ohio, Dec. 27, 2007); NovaStar Mortgage, Inc. v. Riley, 3:07-CV-397, 2007 U.S. Dist. LEXIS 86216 (S.D. Ohio, Nov. 21, 2007); NovaStar Mortgage, Inc. v. Grooms, 3:07-CV-395, 2007 U.S. Dist. LEXIS 86214 (S.D. Ohio, Nov. 21, 2007); HSBC Bank USA v. Rayford, 3:07-CV-428, 2007 U.S. Dist. LEXIS 86215 (S.D. Ohio, Nov. 21, 2007); Everhome Mtge. Co. v. Rowland, 2008 Ohio 1282; 2008 Ohio App. LEXIS 1103 (Ohio App., Mar. 20, 2008) (judgment for plaintiff reversed because it failed to introduce assignment or establish that it was the holder of the note and mortgage); Deutsche Bank National Trust Co. v. Castellanos, 277/07, 2008 NY Slip Op 50033U; 18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44; 239 N.Y.L.J. 16 (Kings Co., N.Y., Sup. Ct., Jan. 14, 2008); HSBC Bank USA, N.A. v. Valentin, 15968/07, 2008 NY Slip Op 50164U; 14 Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229 (Kings Co., N.Y., Sup. Ct., Jan. 30, 2008); HSBC

Bank USA, N.A. v. Cherry, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A; 2007 N.Y. Misc. LEXIS 8279; 239 N.Y.L.J. 2 (Kings Co., N.Y. Sup. Ct., Dec. 17, 2007); Deutsche Bank National Trust Co. v. Castellanos, 15 Misc. 3d 1134A; 841 N.Y.S.2d 819 (Kings. Co., N.Y. Sup. Ct. 2007).

      6.    Debt buyer American Acceptance has a lawsuit pending alleging that a broker of charged-off debts sold it debts to which it did not have title. American Acceptance Co. v. Goldberg, 2:08cv9 (N.D. Ind.). Another debt buyer, Hudson & Keyse, filed suit alleging that the same debt broker obtained information about consumer debts owned by Hudson & Keyse and used the information to try to collect the debts for its own account, even though it didn't own them. Hudson & Keyse, LLC v. Goldberg & Associates, LLC, 07-81047-civ (S.D. Fla., filed Nov. 5, 2007). A similar suit, alleging that the broker resold accounts it did not own, was filed by Old National Bank (Old National Bank v. Goldberg & Associates, 9:08-cv-80078-DMM (S.D. Fla., Jan. 24, 2008). The same debt broker is accused in another complaint of selling 6,521 accounts totaling about $40 million face value which it did not own. RMB Holdings, LLC v. Goldberg & Associates, LLC, 3:07-cv-00406 (E.D. Tenn., filed Oct. 29, 2007). Other debt buyers have voiced similar complaints. "Florida Broker Faces Multiple Lawsuits," Collections & Credit Risk, April 2008, p. 8.

      7.    In a related abuse, debt buyers would "purchase" debts with minimal information about the debtor and then try to "collect" them from anyone with a similar name. In 2004, the Federal Trade Commission shut down a debt buyer called CAMCO headquartered in Illinois. The following is from a press release issued by the FTC in connection with that case.

> ... In papers filed with the court, the agency charged that as much as 80 percent of the money CAMCO collects comes from consumers who never owed the original debt in the first place. Many consumers pay the money to get CAMCO to stop threatening and harassing them, their families, their friends, and their co-workers.
>
> According to the FTC, CAMCO buys old debt lists that frequently contain no documentation about the original debt and in many cases no Social Security Number for the original debtor. CAMCO makes efforts to find people with the same name in the same geographic area and tries to collect the debt from them – whether or not they are the actual debtor. In papers filed with the court, the FTC

alleges that CAMCO agents told consumers – even consumers who never owed the money – that they were legally obligated to pay. They told consumers that if they did not pay, CAMCO could have them arrested and jailed, seize their property, garnish their wages, and ruin their credit. All of those threats were false, according to the FTC.... (http://www.ftc.gov/opa/2004/12/camco.htm).

8.    In order to protect Illinois residents against this sort of abuse, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies."  This makes applicable the special assignment requirements in ICAA §8b, 225 ILCS 425/8b.  Illinois courts had held prior to the amendment that a party that was required to but did not have an assignment that complied with ICAA §8b does not have a valid claim and that the defendant in such a case is entitled to judgment.  Business Service Bureau, Inc. v. Webster, 298 Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

9.    Section 8b of the ICAA provides:

  **Sec. 8b.  An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

    **(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

        **(i) the effective date of the assignment; and**

        **(ii) the consideration for the assignment.**

    **(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.**

    **(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.**

    **(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.**

    **(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the**

4

**requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .**

10.    Furthermore, the assignment must be attached to the complaint.  <u>Candice Co. v. Ricketts</u>, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

11.    Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title...."  735 ILCS 5/2-403(a).

12.    Defendant RJM Acquisitions, LLC, a debt buyer regulated by the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with ICAA §8b and, therefore, without valid claims.

13.    In this action, plaintiffs complain that such practice violates both the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f,  and ICAA §9.

14.    Plaintiffs further complain that defendant RJM Acquisitions, LLC engages in a practice of attaching false "Charge-Off Statements" to its collection complaints.

<u>**VENUE AND JURISDICTION**</u>

15.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

16.    Venue and personal jurisdiction in this District are proper because:

a.    Defendant's collection communications and activities impacted plaintiffs within this District;

b.    Defendant does business or is located within this District.

<u>**PARTIES**</u>

17.    Plaintiff Chinita Washington is an individual who resides in the Northern District of Illinois.

18.    Plaintiff Zulfigar A. Alvi is an individual who resides in the Northern District of Illinois.

19.    Defendant RJM Acquisitions, LLC is a limited liability company chartered

under New York law with offices at 575 Underhill Blvd., Suite 224, Syosset, NY 11791.

20.    Defendant RJM Acquisitions, LLC does business in Illinois.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

21.    Defendant RJM Acquisitions, LLC is engaged in the business of purchasing charged-off consumer debts and enforcing the debts against the consumers.

22.    Defendant RJM Acquisitions, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

23.    Defendant RJM Acquisitions, LLC regularly uses the mails and telephones to collect debts.

24.    Defendant RJM Acquisitions, LLC has been the plaintiff in more than 50 lawsuits filed in Illinois since January 1, 2008 and seeking to collect consumer debts.

25.    Because the purported obligations were originally owed to other entities and were charged off prior to purchase, RJM Acquisitions, LLC is a "debt collector" as defined in the FDCPA.

26.    RJM Acquisitions, LLC is also a "collection agency" as defined in the ICAA, and has in fact secured a license as such from the state of Illinois.

### FACTS RELATING TO PLAINTIFF WASHINGTON

27.    On or about March 6, 2008, RJM Acquisitions, LLC filed suit against plaintiff Chinita Washington in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes.  RJM Acquisitions, LLC claimed to have purchased the debt.

28.    The complaint in Case No. 08 M1 119633 is attached as Appendix 1.  It consisted of a one page complaint, a one page affidavit (Exhibit A), and a one page purported "Charge-Off Statement" (Exhibit B).

29.    The complaint did not attach any sort of assignment.

30.    On information and belief, defendant did not have an assignment that

6

complied with §8b of the Collection Agency Act.

31.    Defendant therefore did not have any sort of valid claim and knew or should have known that it did not have a valid claim.

32.    The complaint represented that "RJM Acquisitions, LLC is the bona fide owner of title to this action."

33.    In light of the absence of an assignment that complied with the ICAA, such statement was false.

34.    The "Charge-Off Statement" (Appendix 1, Exhibit B) was made to appear as if it had been sent to the putative debtor prior to suit, so as to give rise to an account stated.  The statement was addressed to Plaintiff Washington's current address.  It bore a date prior to the filing of suit, contained an address to mail payments to, and stated that "You May Avoid Additional Finance Charges If You Pay This Amount By The Due Date."  The statement bore a payment due date of "01/01/2000," more than eight years prior to the filing of suit.

35.    In fact, the "Charge-Off Statement" (Appendix 1, Exhibit B) was not sent to Chinita Washington prior to the filing of suit, but was only an exhibit to the complaint.

36.    The purpose and effect of the "Charge-Off Statement" is to falsely represent that the document was sent to the putative debtor and not objected to.

## FACTS RELATING TO PLAINTIFF ALVI

37.    On or about April 2, 2008, RJM Acquisitions, LLC filed suit against plaintiff Zulfigar A. Alvi in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes.  RJM Acquisitions, LLC claimed to have purchased the debt.

38.    The complaint in Case No. 08 M1 126919 is attached as Appendix 2.  It consisted of a one page complaint, a one page affidavit (Exhibit A), and a one page purported "Charge-Off Statement" (Exhibit B).

39.    No assignment conveying the purported debt to RJM Acquisitions was

attached to the complaint.

40.    On information and belief, defendant did not have an assignment that complied with §8b of the Collection Agency Act.

41.    Defendant therefore did not have any sort of valid claim and knew or should have known that it did not have a valid claim.

42.    In light of the absence of an assignment that complied with the ICAA, such statement was false.

43.    The "Charge-Off Statement" (Appendix 2, Exhibit B) was made to appear as if it had been sent to the putative debtor prior to suit, so as to give rise to an account stated. The statement was addressed to Plaintiff Alvi's current address.  It bore a date prior to the filing of suit, and contained an address to mail payments.  The statement bore a payment due date of "05/03/2004," almost four years prior to the filing of suit.

44.     In fact, the "Charge-Off Statement" (Appendix 2, Exhibit B) was not sent to Zulfigar A. Alvi prior to the filing of suit, but was only an exhibit to the complaint.

45.    The purpose and effect of the "Charge-Off Statement" is to falsely represent that the document was sent to the putative debtor and not objected to.

## SUING ON DEBTS NOT PROPERLY ASSIGNED TO DEFENDANT

46.    Defendant RJM Acquisitions, LLC regularly files lawsuits on debts it claims to have purchased without having an assignment that complies with §8b of the Collection Agency Act, and therefore, without a valid claim.

47.    Defendant knows or should know it has no valid claim, but files suit anyway because consumers are unlikely to realize the fact.

48.    On information and belief, based on a computer search of court records, defendant has filed over 50 such lawsuits.

## USE OF "CHARGE-OFF STATEMENT"

49.     The "Charge-Off Statement" is a document regularly attached by RJM Acquisitions, LLC to collection complaints.

50.     On information and belief, the "Charge-Off Statement" is only provided to putative debtors as an exhibit to the complaint and not mailed to putative debtors.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT – ASSIGNMENTS

51.     Plaintiffs incorporate paragraphs 1-50.

52.     The filing and prosecution of collection lawsuits notwithstanding a known defense, in the hope that the consumer will not raise the defense, is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

53.     Since Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1488 (M.D. Ala. 1987), "bringing a lawsuit to which there appears to exist a complete defense" in the hope that the consumer will not realize it exists and will default or pay has been a violation of the FDCPA.

54.     In addition, defendant affirmatively represented that it had "title to this action" when the requisite assignment did not exist.

55.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)        The false representation of--**

**(A)        the character, amount, or legal status of any debt; . . .**

**(5)        The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)        The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a**

9

**consumer. . . .**

56.    Section 1692f provides:

**§ 1692f.         Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

57.    Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).  The class consists of (a) all individuals (b) against whom defendant RJM Acquisitions, LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

58.    The class is so numerous that joinder of all members is not practicable.

59.    On information and belief, there are at least 40 individuals against whom defendant RJM Acquisitions, LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

60.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

a.    Whether defendant engages in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA;

b.    Whether such lawsuits are therefore subject to a defense of which defendant knows or should know about;

c.    Whether such practice is an unfair or deceptive;

d.    Whether defendant violates the ICAA.

61.    Plaintiffs' claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

62.    Plaintiffs will fairly and adequately represent the class members.  Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

63.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible;

      b.      Members of the class are likely to be unaware of their rights;

      c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendant for:

      a.      Statutory damages;

      b.      Actual damages;

      c.      Attorney's fees, litigation expenses and costs of suit;

      d.       Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT – ASSIGNMENTS

64.    Plaintiffs incorporate paragraphs 1-50.

65.    Defendant is a "collection agency" as defined in the ICAA.  Section 425/3(d), as amended effective January 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it ... [b]uys accounts, bills or other indebtedness and engages in collecting the same...."  Previously coverage was limited to a person who "[b]uys accounts, bills or other indebtedness with recourse and engages in collecting the same...."  By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

66.    Defendant violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein.

67.    Defendant violated the following provisions of 225 ILCS 425/9:

**. . .(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.  . . .**

11

68.     A private right of action exists for violation of the ICAA.  <u>Sherman v.</u>
<u>Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

69.     Plaintiffs and the members of the class were damaged as a result.

## CLASS ALLEGATIONS

70.     Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P.
23(a) and 23(b)(3).  The class consists of (a) all individuals (b) against whom defendant RJM
Acquisitions, LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e)
without attaching to the complaint an assignment that complied with §8b of the ICAA.

71.     The class is so numerous that joinder of all members is not practicable.

72.     On information and belief, there are at least 40 individuals against whom
defendant RJM Acquisitions, LLC filed a collection lawsuit in Illinois subsequent to January 1,
2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

73.     There are questions of law and fact common to the class members, which
common questions predominate over any questions relating to individual class members.  The
predominant common questions are:

a.     Whether defendant engages in a practice of filing lawsuits without
attaching to the complaint an assignment that complied with §8b of the ICAA;

b.     Whether such lawsuits are therefore subject to a defense of which
defendant knows or should know about;

c.     Whether such practice is an unfair or deceptive;

d.     Whether defendant violates the ICAA.

74.     Plaintiffs' claim is typical of the claims of the class members.  All are
based on the same factual and legal theories.

75.     Plaintiffs will fairly and adequately represent the class members.  Plaintiffs
have retained counsel experienced in class actions and FDCPA litigation.

76.     A class action is superior for the fair and efficient adjudication of this

matter, in that:

       a.      Individual actions are not economically feasible;

       b.      Members of the class are likely to be unaware of their rights.

       WHEREFORE, plaintiffs request that the Court grant the following relief in favor of plaintiffs and the class and against defendant:

       a.      Compensatory, punitive and nominal damages;

       b.      Costs;

       c.      Such other and further relief as is appropriate.

### COUNT III – ILLINOIS CONSUMER FRAUD ACT – ASSIGNMENTS

77.      Plaintiffs incorporate paragraphs 1-50.

78.      Defendant's conduct as set forth above constitutes both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

79.      Defendant engaged in such conduct in the course of trade and commerce.

80.      Defendant engaged in such conduct for the purpose of obtaining money from plaintiffs and others.

81.      Plaintiffs and the members of the class were damaged as a result.

### CLASS ALLEGATIONS

82.      Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).  The class consists of (a) all individuals (b) against whom defendant RJM Acquisitions, LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

83.      The class is so numerous that joinder of all members is not practicable.

84.      On information and belief, there are at least 40 individuals against whom defendant RJM Acquisitions, LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

85.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

    a.      Whether defendant engages in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA;

    b.      Whether such lawsuits are therefore subject to a defense of which defendant knows or should know about;

    c.      Whether such practice is an unfair or deceptive;

    d.      Whether defendant violates the ICAA.

86.     Plaintiffs' claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

87.     Plaintiffs will fairly and adequately represent the class members.  Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

88.     A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.      Individual actions are not economically feasible;

    b.      Members of the class are likely to be unaware of their rights.

    WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendant for:

    a.      Actual damages;

    b.      Punitive damages;

    c.      An injunction against further violations;

    d.      Attorney's fees, litigation expenses and costs of suit;

    e.      Such other or further relief as the Court deems proper.

**COUNT IV– FDCPA – CHARGE-OFF STATEMENT CLAIM**

89.     Plaintiffs incorporate paragraphs 1-50.

14

90. The "Charge-Off Statement" violates the FDCPA as constituting a false representation or means in connection with the collection of any debt (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and use of any false representation to collect or attempt to collect any debt or to obtain information concerning a consumer (§1692e(10)).

## CLASS ALLEGATIONS

91. Plaintiffs bring this claim on behalf of a class, consisting of (a) all natural persons with Illinois addresses (b) with respect to whom a lawsuit was filed with RJM Acquisitions, LLC as plaintiff (c) attaching a "Charge-Off Statement" in the form in Appendix 1, Exhibit B or Appendix 2, Exhibit B, (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

92. The class is so numerous that joinder is impracticable.

93. There are more than 100 natural persons with Illinois addresses with respect to whom a lawsuit was filed with RJM Acquisitions, LLC as plaintiff, attaching a "Charge-Off Statement" in the form in Appendix 1, Exhibit B or Appendix 2, Exhibit B, which document was not sent to the addressee prior to the filing of suit, where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

94. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the "Charge-Off Statement" violates the FDCPA.

95. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

96. Plaintiffs will fairly and adequately represent the interests of the class

members.  Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

97.     A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.  Congress intended that the class action be a principal enforcement mechanism for the FDCPA.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendant for:

a.     Statutory damages;

b.     Attorney's fees, litigation expenses and costs of suit;

c.     Such other or further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiffs demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

## <u>NOTICE OF LIEN</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on June 25, 2008, I caused the foregoing **Plaintiffs' First Amended Complaint – Class Action** to be filed electronically using the Court's CM/ECF system which will send notice to the following:

David M. Schultz (dschultz@hinshawlaw.com)
Corinne C. Heggie (cheggie@hinshawlaw.com)
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, IL 60601
(312) 704-3000
(312) 704-3001 (FAX)

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

18

# APPENDIX 1

Complaint - Note                                                          (3-81) CCMD-8A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COOK COUNTY, ILLINOIS




07101756
RJM ACQUISITIONS, LLC                    ]
                                         ]    CASE NO. 08M1   119633
                                         ]
                                         ]
        Plaintiff,                       ]    AMOUNT CLAIMED: $1,774.49
                    v.                   ]
CHINITA WASHINGTON                       ]    RETURN DATE:    4/8/08
                                         ]
                                         ]
        Defendant.

# CONTRACT COMPLAINT

The plaintiff claims as follows:

1.   That the defendant, CHINITA WASHINGTON    , is indebted to plaintiff, RJM ACQUISITIONS, LLC    by virtue of a certain credit card agreement entered into by defendant on or about March 23, 1999; an affidavit in support of the balance is attached hereto.

2.   Plaintiff has performed any and all conditions required by the contract, if any, and defendant has agreed to the terms of the credit agreement by use of the credit extended by plaintiff.

3.   That the defendant(s) are in default of the terms of the agreement by failing to make payments due.

4.   That after allowing for all credits due defendant, there is due and owing as of February 18, 2008 the sum of $1,261.32 plus, interest at the 5% statutory rate pursuant to 815 ILCS 205/2 in the amount of $513.17 for a total of $1,774.49.

5.   That demand has been made upon the defendant for the balance due, but defendant has failed to pay and still continues to refuse to pay said balance justly due.

6.   That the plaintiff, RJM ACQUISITIONS, LLC    , is the bona fide owner of title to this action.

    WHEREFORE, plaintiff prays for judgment against the defendant in the amount of $1,774.49 plus statutory interest to date of judgment plus costs of this action.

                                    _____
                                    ONE OF THE ATTORNEYS FOR PLAINTIFF

Louis S. Freedman, Jerome E. Riley, Barbara Nilsen
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228  Naperville, IL 60566-7228                    630/983-0770
Atty No. 26122                                      Fax No. 630-983-3726
                                                           P0343PN
    **THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

# EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
7101756
**COOK COUNTY, ILLINOIS**

YOUR FILE NO.

RJM ACQUISITIONS LLC ]

           ]                          9463

      Plaintiff, ]

              v.    ]    CASE NO.

CHINITA WASHINGTON ]

           ]

           ]

      Defendant. ]

## A F F I D A V I T

    This day in the State of New York and County of Nassau, I, _____Otis McGovern_____,
personally appeared before the undersigned, a Notary Public in and for the jurisdiction aforesaid, who, after being
duly sworn according to law, deposed and stated:

1.    That I am an employee of and competent of RJM ACQUISITIONS LLC and am authorized to make this
    affidavit on their behalf.

2.    The original creditor on this account was ORCHARD BANK

3.    I have knowledge of an account in favor of RJM ACQUISITIONS LLC and against CHINITA
    WASHINGTON   with a total current balance due of $1,261.32 as of January 1, 2000 plus interest at
    5%, pursuant to 815 ILCS 205/2 from the aforesaid date; until paid is with my knowledge true and
    correct, after all credits due the defendant, and that upon information and belief all services were rendered
    and/or goods were sold and delivered or that the defendant(s) are in breach of the repayment terms as per
    any and all agreements between the aforementioned parties.

                                           _____
                                        Affiant    Otis McGovern

                                        _____
STATE OF NEW YORK
COUNTY OF NASSAU                                    Title

Subscribed and sworn to before me, a Notary Public, for the state of New York this ____ NOV 2 7 2007 ,
20_____ .

My commission expires on: _____

                                  _____
                                     Notary Public

                                James J. Flood III       **SEAL**
                            Notary Public, State of New York
                              Reg. #01FL6142574
                            Qualified in Suffolk County
**F002RJM**                      My Commission Expires 03/20/2010

# EXHIBIT B

# RJM ACQUISITIONS, LLC

## Charge-Off Statement

| ACCOUNT NUMBER | PAYMENT DUE DATE | PAST DUE AMOUNT | MINIMUM PAYMENT | NEW BALANCE | AMOUNT OF PAYMENT ENCLOSED |
|---|---|---|---|---|---|
| ▆▆▆9463 | 01/01/2000 | 1411.32 | | 1411.32 | $ |

**CHINITA M WASHINGTON** 

575 UNDERHILL BLVD
SUITE 224
SYOSSET, NY 11791

| ACCOUNT NUMBER | CREDIT LINE | CREDIT AVAILABLE | DAYS IN BILLING CYCLE | BILL DATE | PAYMENT DUE DATE | MINIMUM PAYMENT DUE |
|---|---|---|---|---|---|---|
| ▆▆▆9463 | 1200.00 | | | 12/22/1999 | 01/01/2000 | |

| DATE OF | | REFERENCE NUMBER | DESCRIPTION OF TRANSACTIONS | AMOUNT |
|---|---|---|---|---|
| TRANS | POST | | | |
| 0000 | 0000 | | OVERLIMIT FEE | 0.00 |
| 0000 | 0000 | | LATE CHARGE – MIN PYMT NOT RECD BY DATE | 0.00 |
| | | **** FINANCE CHARGE CURRENT PURCHASE | | |

| PREVIOUS BALANCE | PAYMENTS | CREDITS | NEW PURCHASES AND ADVANCES | DEBIT ADJUSTMENTS | FINANCE CHARGES | OVERLINE AMOUNT | NEW BALANCE |
|---|---|---|---|---|---|---|---|
| 1411.32 | | 0.00 | 0.00 | 0.00 | 0.00 | | 1411.32 |

AN AMOUNT FOLLOWED BY A MINUS SIGN(-) IS A CREDIT BALANCE UNLESS OTHERWISE INDICATED

| YOU MAY AVOID ADDITIONAL FINANCE CHARGES IF YOU PAY THIS AMOUNT BY THE DUE DATE | TYPES OF CREDIT TO WHICH RATES APPLY | FINANCE CHARGE BALANCES | DAILY PERIODIC RATE | NOMINAL ANNUAL PERCENTAGE RATES | ANNUAL PERCENTAGE RATES |
|---|---|---|---|---|---|
| | PURCHASES | | .01370 % | % | 5.00 % |
| | ADVANCES | | % | % | % |
| | | | | | |
| | | | | | |
| $ | | | | | |

# APPENDIX 2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

RJM ACQUISITIONS LLC
                    Plaintiff

vs.

ZULFIGAR A ALVI

                    Defendant

No.

Return Date: — MAY-0 6 2008   1 9

contract
Amount claimed: $7,869.86
Plus court costs

### COMPLAINT

NOW COMES the Plaintiff, by and through its attorneys, Blitt and Gaines, P.C., and complaining of the Defendant(s), states as follows:

1.     The Defendant(s) utilized a charge account and/or line of credit issued by Plaintiff or its assignors whereby Defendant(s) could charge goods and services to their account and/or receive cash advances.

2.     The Defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due Plaintiff of $7,869.86.

3.     Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

       WHEREFORE,  Plaintiff prays for judgment against the Defendant(s) in the amount of $7,869.86 plus interest and court costs.

Blitt and Gaines, P.C.
Attorney for Plaintiff
661 Glenn Avenue
Wheeling, IL  60090
(847) 403-4900
32887

       This is an attempt to collect a debt and any information will be used for that purpose.

07-14308-0
3850-01

# EXHIBIT A

RJM ACQUISITIONS LLC

          Plaintiff

vs.

ZULFIGAR A ALVI

          Defendant

███████9500

## AFFIDAVIT

I, _____ Otis McGovern _____, being first duly sworn upon oath depose and state as follows:

    1.  That I am an employee in the above captioned matter and I am authorized and qualified to make this Affidavit in support for the judgment against the above named Defendant;

    2. That Plaintiff is the purchaser or assignee of the Defendant's account from the original creditor, HSBC;

    3.  That Plaintiff maintains, in the regular course of business, computer records on which entries are made by a person with knowledge of the information therein and/or information transmitted from a person with such knowledge;

    4.  That after allowing for all offsets and credits, there remains a balance due on this account in the amount of $7,869.86.

    5.  That if called upon affiant can testify at trial as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me
this 5 day of _____, 2007

_____
NOTARY PUBLIC

_____
    Otis McGovern

5 2007

07-14308-0
3850-01
A108560



# EXHIBIT B

# RJM Acquisitions, LLC

## Charge-Off Statement

| ACCOUNT NUMBER | PAYMENT DUE DATE | PAST DUE AMOUNT | MINIMUM PAYMENT | NEW BALANCE | AMOUNT OF PAYMENT ENCLOSED |
|---|---|---|---|---|---|
| 9500 | 05/13/2004 | 7869.86 | | 7869.86 | $ |

**ZULFIGAR A ALVI**


575 UNDERHILL BLVD
SUITE 224
SYOSSET NY, 11791

| ACCOUNT NUMBER | CREDIT LINE | CREDIT AVAILABLE | DAYS IN BILLING CYCLE | BILL DATE | PAYMENT DUE DATE | MINIMUM PAYMENT DUE |
|---|---|---|---|---|---|---|
| 9500 | 7700.00 | | 32 | 05/03/2004 | 05/13/2004 | |

| DATE OF | | REFERENCE NUMBER | DESCRIPTION OF TRANSACTIONS | AMOUNT |
|---|---|---|---|---|
| TRANS | POST | | | |
| 0000 | 0000 | | OVERLIMIT FEE | 0.00 |
| 0000 | 0000 | | LATE CHARGE - MIN PYMT NOT RECD BY DATE | 0.00 |
| | | | **** FINANCE CHARGE CURRENT PURCHASE | |

| PREVIOUS BALANCE | PAYMENTS | CREDITS | NEW PURCHASES AND ADVANCES | DEBIT ADJUSTMENTS | FINANCE CHARGES | OVERLINE AMOUNT | NEW BALANCE |
|---|---|---|---|---|---|---|---|
| 7869.86 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 7869.86 |

AN AMOUNT FOLLOWED BY A MINUS SIGN(-) IS A CREDIT BALANCE UNLESS OTHERWISE INDICATED