## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHINITA WASHINGTON and ZULFIGAR A. ALVI, individually and on behalf of the classes defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 08 CV 2825 |
| v. | ) ) | Judge Marvin E. Aspen |
| RJM ACQUISITIONS LLC, | ) ) ) | Magistrate Judge Arlander Keys |
| Defendant. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, RJM ACQUISITIONS LLC, ("RJM") by and through its attorneys, David M. Schultz and Corinne C. Heggie, and for its Answer to Plaintiffs' First Amended Complaint, states as follows:

1.      There is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

**ANSWER:**     Defendant denies the allegations contained in paragraph 1.

2.      There are multiple reported cases in which debtors have been subjected to litigation because they "settled" with A and then B claimed to own the debt. Smith v. Mallick, 514 F.3d 48 (D.C. Cir. 2008) (commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulently] settles debt it no longer owns, settlement held binding because notice of assignment not given, but obligor subjected to litigation as result). See also, Miller v. Wolpoff & Abramson, LLP, 1:06-CV-207-TS, 2008 U.S. Dist. LEXIS 12283 (N.D. Ind., Feb. 19, 2008), where a debtor complained he had been sued twice on the same debt; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 923 (N.D. Ill. 2000), where the debtor claimed he settled with one agency and was then dunned by a second for the same debt, and Northwest Diversified, Inc. v.

Desai, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

**ANSWER:**    Defendant admits plaintiffs cite case law and their interpretation of the cases' holdings.    Defendant denies that plaintiffs' citations are on point, denies plaintiffs' characterization of the cases' holdings is accurate and therefore denies the allegations contained in paragraph 2.

3.    In <u>Wood v. M&J Recovery LLC</u>, CV 05-5564, 2007 U.S. Dist. LEXIS 24157 (E.D. N.Y., Apr. 2, 2007), a debtor complained of multiple collection efforts by various debt buyers and collectors on the same debt, and the defendants asserted claims against one another disputing the ownership of the portfolio involved. Shekinah alleged that it sold a portfolio to NLRS, that NLRS was unable to pay, that the sale agreement was modified so that NLRS would only obtain 1/5 of the portfolio, and that the 1/5 did not include the plaintiff's debt. Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

**ANSWER:**    Defendant admits plaintiffs cite case law and their interpretation of the case's holding.    Defendant denies that plaintiffs' citation is on point, denies plaintiffs' characterization of the case's holding is accurate and therefore denies the allegations contained in paragraph 3.

4.    In <u>Associates Financial Services Co. v. Bowman, Heintz, Boscia & Vician, P.C.</u>, IP 99-1725-C-M/S, 2001 U.S. Dist. LEXIS 7874, *9-12 (S.D. Ind., Apr. 25, 2001), later opinion, 2004 U.S. Dist. LEXIS 6520 (S.D. Ind., Mar. 31, 2004), allegations were made that a creditor had continued to collect accounts allegedly sold to a debt buyer.

**ANSWER:**    Defendant admits plaintiffs cite case law and their interpretation of the case's holding.    Defendant denies that plaintiffs' citation is on point, denies plaintiffs'

characterization of the case's holding is accurate and therefore denies the allegations contained in paragraph 4.

5.     Courts have also dismissed numerous collection and foreclosure lawsuits filed in the names of entities that did not own the purported debts. In re Foreclosure Cases, 1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio, Oct. 31, 2007); In re Foreclosure Cases, 07-cv-166 and 18 others, 2007 U.S. Dist. LEXIS 90812 (S.D. Ohio, Nov. 27, 2007); In re Foreclosure Cases, 521 F. Supp. 2d 650 (S.D. Ohio 2007); In re Foreclosure Cases, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 (S.D. Ohio, Dec. 27, 2007); NovaStar Mortgage, Inc. v. Riley, 3:07-CV-397, 2007 U.S. Dist. LEXIS 86216 (S.D. Ohio, Nov. 21, 2007); NovaStar Mortgage, Inc. v. Grooms, 3:07-CV-395, 2007 U.S. Dist. LEXIS 86214 (S.D. Ohio, Nov. 21, 2007); HSBC Bank USA v. Rayford, 3:07-CV-428, 2007 U.S. Dist. LEXIS 86215 (S.D. Ohio, Nov. 21, 2007); Everhome Mtge. Co. v. Rowland, 2008 Ohio 1282; 2008 Ohio App. LEXIS 1103 (Ohio App., Mar. 20, 2008) (judgment for plaintiff reversed because it failed to introduce assignment or establish that it was the holder of the note and mortgage); Deutsche Bank National Trust Co. v. Castellanos, 277/07, 2008 NY Slip Op 50033U; 18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44; 239 N.Y.L.J. 16 (Kings Co., N.Y., Sup. Ct., Jan. 14, 2008); HSBC Bank USA, N.A. v. Valentin, 15968/07, 2008 NY Slip Op 50164U; 14 Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229 (Kings Co., N.Y., Sup. Ct., Jan. 30, 2008); HSBC Bank USA, N.A. v. Cherry, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A; 2007 N.Y. Misc. LEXIS 8279; 239 N.Y.L.J. 2 (Kings Co., N.Y. Sup. Ct., Dec. 17, 2007); Deutsche Bank National Trust Co. v. Castellanos, 15 Misc. 3d 1134A; 841 N.Y.S.2d 819 (Kings. Co., N.Y. Sup. Ct. 2007).

**ANSWER:**   Defendant admits plaintiffs cite case law and their interpretation of the cases' holdings.   Defendant denies that plaintiffs' citations are on point, denies plaintiffs'

characterization of the cases' holdings is accurate and therefore denies the allegations contained in paragraph 5.

6.     Debt buyer American Acceptance has a lawsuit pending alleging that a broker of charged-off debts sold it debts to which it did not have title. American Acceptance Co. v. Goldberg, 2:08cv9 (N.D. Ind.). Another debt buyer, Hudson & Keyse, filed suit alleging that the same debt broker obtained information about consumer debts owned by Hudson & Keyse and used the information to try to collect the debts for its own account, even though it didn't own them. Hudson & Keyse, LLC v. Goldberg & Associates, LLC, 07-81047-civ (S.D. Fla., filed Nov. 5, 2007). A similar suit, alleging that the broker resold accounts it did not own, was filed by Old National Bank (Old National Bank v. Goldberg & Associates, 9:08-cv-80078-DMM (S.D. Fla., Jan. 24, 2008). The same debt broker is accused in another complaint of selling 6,521 accounts totaling about $40 million face value which it did not own. RMB Holdings, LLC v. Goldberg & Associates, LLC, 3:07-cv-00406 (E.D. Tenn., filed Oct. 29, 2007). Other debt buyers have voiced similar complaints. "Florida Broker Faces Multiple Lawsuits," Collections & Credit Risk, April 2008, p. 8.

**ANSWER:**   Defendant admits plaintiffs cite case law and their interpretation of the cases' holdings.   Defendant denies that plaintiffs' citations are on point, denies plaintiffs' characterization of the cases' holdings is accurate and therefore denies the allegations contained in paragraph 6.

7.     In a related abuse, debt buyers would "purchase" debts with minimal information about the debtor and then try to "collect" them from anyone with a similar name. In 2004, the Federal Trade Commission shut down a debt buyer called CAMCO headquartered in Illinois. The following is from a press release issued by the FTC in connection with that case.

4

... In papers filed with the court, the agency charged that as much as 80 percent of the money CAMCO collects comes from consumers who never owed the original debt in the first place. Many consumers pay the money to get CAMCO to stop threatening and harassing them, their families, their friends, and their co-workers.

According to the FTC, CAMCO buys old debt lists that frequently contain no documentation about the original debt and in many cases no Social Security Number for the original debtor. CAMCO makes efforts to find people with the same name in the same geographic area and tries to collect the debt from them — whether or not they are the actual debtor. In papers filed with the court, the FTC alleges that CAMCO agents told consumers – even consumers who never owed the money – that they were legally obligated to pay. They told consumers that if they did not pay, CAMCO could have them arrested and jailed, seize their property, garnish their wages, and ruin their credit. All of those threats were false, according to the FTC.... (http://www.ftc.gov/opa/2004/12/camco.htm).

**ANSWER:**    Defendant denies the allegations in paragraph 7.

8.    In order to protect Illinois residents against this sort of abuse, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies." This makes applicable the special assignment requirements in ICAA §8b, 225 ILCS 425/8b. Illinois courts had held prior to the amendment that a party that was required to but did not have an assignment that complied with ICAA §8b does not have a valid claim and that the defendant in such a case is entitled to judgment. Business Service Bureau, Inc. v. Webster, 298 Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

**ANSWER:**    Defendant denies the allegations contained in Paragraph 8.

9.    Section 8b of the ICAA provides:

**Sec. 8b. An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

> **(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

> > **(i) the effective date of the assignment; and**

5

(ii) the consideration for the assignment.

(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.

(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.

(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.

(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law... .

**ANSWER:**    Defendant admits that Paragraph 9 recites Section 8b of the ICAA. Defendant denies the ICAA applies here, denies it violated Section 8b of the ICAA and denies the allegations contained in Paragraph 9.

10.    Furthermore, the assignment must be attached to the complaint. Candice Co. v. Ricketts, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

**ANSWER:**    Defendant denies the allegations contained in Paragraph 10.

11.    Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title...." 735 ILCS 5/2-403(a).

**ANSWER:**    Defendant denies the allegations contained in Paragraph 11.

6339937v1 62611

12.    Defendant RJM Acquisitions, LLC, a debt buyer regulated by the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with ICAA §8b and, therefore, without valid claims.

**ANSWER:**    Defendant admits it is a debt buyer.    Defendant denies plaintiffs' interpretation of section 8b of the ICAA in this case is accurate and therefore defendant denies each and every remaining allegation contained in Paragraph 12.

13.    In this action, plaintiffs complain that such practice violates both the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f, and ICAA §9.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 13.

14.    Plaintiffs further complain that defendant RJM Acquisitions, LLC engages in a practice of attaching false "Charge-Off Statements" to its collection complaints.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 14.

## VENUE AND JURISDICTION

15.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

**ANSWER:**    Defendant does not contest jurisdiction.

16.    Venue and personal jurisdiction in this District are proper because:

    a.    Defendant's collection communications and activities impacted plaintiffs within this District;

    b.    Defendant does business or is located within this District.

**ANSWER:**    Defendant does not contest venue.

## PARTIES

17.    Plaintiff Chinita Washington is an individual who resides in the Northern District of Illinois.

7

**ANSWER:**    Defendant is without knowledge or information sufficient to admit the truth or the falsity of the allegations contained in Paragraph 17.

18.    Plaintiff Zulfigar A. Alvi is an individual who resides in the Northern District of Illinois.

**ANSWER:**    Defendant is without knowledge or information sufficient to admit the truth or the falsity of the allegations contained in Paragraph 18.

19.    Defendant RJM Acquisitions LLC is a limited liability company chartered under New York law with offices at 575 Underhill Blvd., Suite 224, Syosset, NY 11791.

**ANSWER:**    Defendant admits it is a limited liability company.  Defendant admits that it has New York offices located at 575 Underhill Blvd., Suite 224, Syosset, NY  11791. Defendant denies each and every remaining allegation contained in Paragraph 19.

20.    Defendant RJM Acquisitions LLC does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:**    Defendant admits it does business in Illinois.   Defendant admits its registered agent is CT Corporation System whose offices are located at 208 South LaSalle Street, Suite 814, Chicago, Illinois.

21.    Defendant RJM Acquisitions LLC is engaged in the business of purchasing charged-off consumer debts and enforcing the debts against the consumers.

**ANSWER:**    Defendant admits that it purchases charged-off debts and tries to collect them.  Defendant denies that plaintiffs accurately characterize its business.  Defendant denies each and every remaining allegation contained in Paragraph 21.

22.    Defendant RJM Acquisitions, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

6339937v1 62611

**ANSWER:**    Defendant admits the allegations contained in Paragraph 22.

23.    Defendant RJM Acquisitions LLC regularly uses the mails and telephones to collect debts.

**ANSWER:**    Defendant admits its uses the mails to collect debts.  Defendant denies the remaining allegations contained in Paragraph 23.

24.    Defendant RJM Acquisitions LLC has been the plaintiff in more than 50 lawsuits filed in Illinois since January 1, 2008 and seeking to collect consumer debts.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 24.

25.    Because the purported obligations were originally owed to other entities and were charged off prior to purchase, RJM Acquisitions LLC is a "debt collector" as defined in the FDCPA.

**ANSWER:**    Defendant admits it is a debt collector under the FDCPA.  Defendant denies each and every remaining allegation contained in Paragraph 25.

26.    RJM Acquisitions LLC is also a "collection agency" as defined in the ICAA, and has in fact secured a license as such from the state of Illinois.

**ANSWER:**    Defendant admits it has a license issued by the Illinois Department of Professional Regulation.  Defendant denies each and every remaining allegation contained in Paragraph 26.

## FACTS RELATING TO PLAINTIFF WASHINGTON

27.    On or about March 6, 2008, RJM Acquisitions, LLC filed suit against plaintiff Chinita Washington in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes. RJM Acquisitions, LLC claimed to have purchased the debt.

6339937v1 62611

**ANSWER:**    Defendant admits that on or about March 6, 2008 it sued plaintiff Chinita Washington in the Circuit Court of Cook County.   Defendant admits it purchased the debt. Defendant is without knowledge or information sufficient to admit the truth or falsity of the remaining allegations contained in Paragraph 27.

28.    The complaint in Case No. 08 M1 119633 is attached as Appendix 1. It consisted of a one page complaint, a one page affidavit (Exhibit A), and a one page purported "Charge-Off Statement" (Exhibit B).

**ANSWER:**    Defendant admits that the complaint in case no. 08 M1 119633 is attached as Appendix 1.   Defendant admits that Appendix 1 consists of a one-page Complaint, a one-page Affidavit and a one-page "Charge-Off Statement."

29.    The complaint did not attach any sort of assignment.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 29.

30.    On information and belief, defendant did not have an assignment that complied with §8b of the Collection Agency Act.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 30.

31.    Defendant therefore did not have any sort of valid claim and knew or should have known that it did not have a valid claim.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 31.

32.    The complaint represented that "RJM Acquisitions, LLC is the bona fide owner of title to this action."

**ANSWER:**    Defendant admits the allegations contained in Paragraph 32.

33.    In light of the absence of an assignment that complied with the ICAA, such statement was false.

6339937v1 62611

**ANSWER:**   Defendant denies the allegations contained in Paragraph 33.

34.     The "Charge-Off Statement" (Appendix 1, Exhibit B) was made to appear as if it had been sent to the putative debtor prior to suit, so as to give rise to an account stated. The statement was addressed to Plaintiff Washington's current address. It bore a date prior to the filing of suit, contained an address to mail payments to, and stated that "You May Avoid Additional Finance Charges If You Pay This Amount By The Due Date." The statement bore a payment due date of "01/01/2000," more than eight years prior to the filing of suit.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 34.

35.     In fact, the "Charge-Off Statement" (Appendix 1, Exhibit B) was not sent to Chinita Washington prior to the filing of suit, but was only an exhibit to the complaint.

**ANSWER:**   Defendant admits the allegations contained in Paragraph 35.

36.     The purpose and effect of the "Charge-Off Statement" is to falsely represent that the document was sent to the putative debtor and not objected to.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 36.

### FACTS RELATING TO PLAINTIFF ALVI

37.     On or about April 2, 2008, RIM Acquisitions, LLC filed suit against plaintiff Zulfigar A. Alvi in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes. RJM Acquisitions, LLC claimed to have purchased the debt.

**ANSWER:**   Defendant admits that on or about April 2, 2008 it filed against plaintiff Zulifar A. Alvi in the Circuit Court of Cook County.  Defendant admits that it purchased his debt. Defendant is without knowledge or information sufficient to admit the truth or the falsity of the remaining allegations contained in Paragraph 37.

11

38.    The complaint in Case No. 08 M1 126919 is attached as Appendix 2. It consisted of a one page complaint, a one page affidavit (Exhibit A), and a one page purported "Charge-Off Statement" (Exhibit B).

**ANSWER:**    Defendant admits that the Complaint in Case No. 08 M1 126919 is attached as Appendix 2. Defendant admits that Appendix 2 consists of a one-page Complaint, one-page Affidavit and one-page "Charge-Off Statement."

39.    No assignment conveying the purported debt to RJM Acquisitions was attached to the complaint.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 39.

40.    On information and belief, defendant did not have an assignment that complied with §8b of the Collection Agency Act.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 40.

41.    Defendant therefore did not have any sort of valid claim and knew or should have known that it did not have a valid claim.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 41.

42.    In light of the absence of an assignment that complied with the ICAA, such statement was false.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 42.

43.    The "Charge-Off Statement" (Appendix 2, Exhibit B) was made to appear as if it had been sent to the putative debtor prior to suit, so as to give rise to an account stated. The statement was addressed to Plaintiff Alvi's current address. It bore a date prior to the filing of suit, and contained an address to mail payments. The statement bore a payment due date of "05/03/2004," almost four years prior to the filing of suit.

12

**ANSWER:**    Defendant denies the allegations contained in Paragraph 43.

44.    In fact, the "Charge-Off Statement" (Appendix 2, Exhibit B) was not sent to Zulfigar A. Alvi prior to the filing of suit, but was only an exhibit to the complaint.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 44.

45.    The purpose and effect of the "Charge-Off Statement" is to falsely represent that the document was sent to the putative debtor and not objected to.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 45.

### SUING ON DEBTS NOT PROPERLY ASSIGNED TO DEFENDANT

46.    Defendant RJM Acquisitions LLC regularly files lawsuits on debts it claims to have purchased without having an assignment that complies with §8b of the Collection Agency Act, and therefore, without a valid claim.

**ANSWER:**    Defendant admits that it files suits to collect on some of the debts it owns. Defendant denies each and every remaining allegation contained in Paragraph 46.

47.    Defendant knows or should know it has no valid claim, but files suit anyway because consumers are unlikely to realize the fact.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 47.

48.    On information and belief, based on a computer search of court records, defendant has filed over 50 such lawsuits.

**ANSWER:**    Defendant is without knowledge or information sufficient to admit the truth or the falsity of the allegations contained in paragraph 48 because plaintiffs do not specify what jurisdiction defendant filed suit.    Therefore, RJM denies the allegations contained in Paragraph 48.

6339937v1 62611

## USE OF "CHARGE-OFF STATEMENT"

49.    The "Charge-Off Statement" is a document regularly attached by RJM

Acquisitions, LLC to collection complaints.

**ANSWER:**    Defendant is without knowledge or information sufficient to admit or deny

the truth or falsity of the allegations in paragraph 49 because it is not limited in time, scope or

jurisdiction in which "collection complaints" are filed.    Therefore, defendant denies the

allegations contained in Paragraph 49.

50.    On information and belief, the "Charge-Off Statement" is only provided to

putative debtors as an exhibit to the complaint and not mailed to putative debtors.

**ANSWER:**    Defendant is without knowledge or information sufficient to admit the

truth or the falsity of the allegations contained in Paragraph 50.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT – ASSIGNMENTS

51.    Plaintiffs incorporate paragraphs 1-50.

**ANSWER:**    Defendant incorporates answers to Paragraph 1 through 50 above as and

for its answer to Paragraph 51 of Count I.

52.    The filing and prosecution of collection lawsuits notwithstanding a known

defense, in the hope that the consumer will not raise the defense, is both a deceptive collection

practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair

collection practice, in violation of 15 U.S.C. §1692f.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 52 of Count I.

53.    Since Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1488 (M.D. Ala.

1987), "bringing a lawsuit to which there appears to exist a complete defense" in the hope that

the consumer will not realize it exists and will default or pay has been a violation of the FDCPA.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 53 of Count I.

14

54.    In addition, defendant affirmatively represented that it had "title to this action" when the requisite assignment did not exist.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 54 of Count I.

55.    Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
> **(A)    the character, amount, or legal status of any debt; . . .**
>
> **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. .. .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**ANSWER:**    Defendant states that Paragraph 55 recites portions of §1692e of the FDCPA. Defendant denies it violated the FDCPA, denies that it violated §1692e and therefore denies the allegations contained in Paragraph 55 of Count I.

56.    Section 1692f provides:

> **§ 1692f.    Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

**ANSWER:**    Defendant states that Paragraph 56 recites portions of §1692f of the FDCPA. Defendant denies it violated the FDCPA, denies that it violated §1692f and therefore denies the allegations contained in Paragraph 56 of Count I.

15

## CLASS ALLEGATIONS

57.     Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendant RJM Acquisitions LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

**ANSWER:**     Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 57.

58.     The class is so numerous that joinder of all members is not practicable.

**ANSWER:**     Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 58.

59.     On information and belief, there are at least 40 individuals against whom defendant RJM Acquisitions, LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

**ANSWER:**     Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 59.

60.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

b.     Whether defendant engages in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA;

c.     Whether such lawsuits are therefore subject to a defense of which defendant knows or should know about;

d.     Whether such practice is an unfair or deceptive;

e.     Whether defendant violates the ICAA.

16

**ANSWER:**   Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 60.

61.    Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**   Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 61.

62.    Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:**   Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 62.

63.    A class action is superior for the fair and efficient adjudication of this matter, in that:

b.    Individual actions are not economically feasible;

c.    Members of the class are likely to be unaware of their rights;

d.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:**   Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 63.

## COUNT II — ILLINOIS COLLECTION AGENCY ACT — ASSIGNMENTS

64.    Plaintiffs incorporate paragraphs 1-50.

**ANSWER:**   Defendant incorporates answers to Paragraph 1 through 50 above as and for its answer to Paragraph 64 of Count II.

65.    Defendant is a "collection agency" as defined in the ICAA. Section 425/3(d), as amended effective January 1, 2008, brings debt buyers within its purview by

17

providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it ... [b]uys accounts, bills or other indebtedness and engages in collecting the same...." Previously coverage was limited to a person who "[b]uys accounts, bills or other indebtedness with recourse and engages in collecting the same...." By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 65 of Count II.

66.     Defendant violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 66 of Count II.

67.     Defendant violated the following provisions of 225 ILCS 425/9:

**...(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. .. .**

**ANSWER:**     Defendant denies the allegations contained in Paragraph 67 of Count II.

68.     A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:**     Defendant denies the allegations contained in Paragraph 68 of Count II.

69.     Plaintiffs and the members of the class were damaged as a result.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 69 of Count II.

## CLASS ALLEGATIONS

70.     Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendant RJM Acquisitions LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

18

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 70.

71.        The class is so numerous that joinder of all members is not practicable.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 71.

72.        On information and belief, there are at least 40 individuals against whom defendant RJM Acquisitions, LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 72.

73.        There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

        a.        Whether defendant engages in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA;

        b.        Whether such lawsuits are therefore subject to a defense of which defendant knows or should know about;

        c.        Whether such practice is an unfair or deceptive;

        d.        Whether defendant violates the ICAA.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 73.

74.        Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 74.

19

75.    Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 75.

76.    A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.    Individual actions are not economically feasible;

        b.    Members of the class are likely to be unaware of their rights.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained I Paragraph 76.

### COUNT III — ILLINOIS CONSUMER FRAUD ACT — ASSIGNMENTS

77.    Plaintiffs incorporate paragraphs 1-50.

**ANSWER:**    Defendant incorporates answers to Paragraph 1 through 50 above as and for its answer to Paragraph 77 of Count III.

78.    Defendant's conduct as set forth above constitutes both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 78 of Count III.

79.    Defendant engaged in such conduct in the course of trade and commerce.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 79 of Count III.

80.    Defendant engaged in such conduct for the purpose of obtaining money from plaintiffs and others.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 80 of Count III.

81.    Plaintiffs and the members of the class were damaged as a result.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 81 of Count III.

6339937v1 62611

## CLASS ALLEGATIONS

82.     Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendant RJM Acquisitions LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

**ANSWER:**     Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 82.

83.     The class is so numerous that joinder of all members is not practicable.

**ANSWER:**     Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 83.

84.     On information and belief, there are at least 40 individuals against whom defendant RJM Acquisitions, LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

**ANSWER:**     Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 84.

85.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

   a.     Whether defendant engages in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA;

   b.     Whether such lawsuits are therefore subject to a defense of which defendant knows or should know about;

   c.     Whether such practice is an unfair or deceptive;

   d.     Whether defendant violates the ICAA.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 85.

86.    Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 86.

87.    Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 87.

88.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.    Individual actions are not economically feasible;

      b.    Members of the class are likely to be unaware of their rights.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 88.

### COUNT IV—FDCPA—CHARGE-OFF STATEMENT CLAIM

89.    Plaintiffs incorporate paragraphs 1-50.

**ANSWER:**    Defendant incorporates answers to Paragraphs 1 through 50 above as and for its answer to Paragraph 89 of Count IV.

90.    The "Charge-Off Statement" violates the FDCPA as constituting a false representation or means in connection with the collection of any debt (§1692e), a false representation of the "character" of any debt (§ 1692e(2)(A)), and use of any false representation

6339937v1 62611

to collect or attempt to collect any debt or to obtain information concerning a consumer (§ 1692e(10)).

    **ANSWER:**   Defendant denies the allegations contained in Paragraph 90 of Count IV.

**CLASS ALLEGATIONS**

91.    Plaintiffs bring this claim on behalf of a class, consisting of (a) all natural persons with Illinois addresses (b) with respect to whom a lawsuit was filed with RJM Acquisitions LLC as plaintiff (c) attaching a "Charge-Off Statement" in the form in Appendix 1, Exhibit B or Appendix 2, Exhibit B, (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

    **ANSWER:**   Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 91.

92.    The class is so numerous that joinder is impracticable.

    **ANSWER:**   Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 92.

93.    There are more than 100 natural persons with Illinois addresses with respect to whom a lawsuit was filed with RJM Acquisitions LLC as plaintiff, attaching a "Charge-Off Statement" in the form in Appendix 1, Exhibit B or Appendix 2, Exhibit B, which document was not sent to the addressee prior to the filing of suit, where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

    **ANSWER:**   Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 93.

23

94.    There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the "Charge-Off Statement" violates the FDCPA.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 94.

95.    Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 95.

96.    Plaintiffs will fairly and adequately represent the interests of the class Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 96.

97.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Congress intended that the class action be a principal enforcement mechanism for the FDCPA.

**ANSWER:**    Defendant denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in Paragraph 97.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant states that neither the plaintiffs nor any members of the four putative classes have suffered any actual damages as the result of the alleged acts and/or omissions of the defendant.

6339937v1 62611

## Second Affirmative Defense

Defendant states plaintiffs have no FDCPA claims here against them because defendant did not commit act any or omission which amounts to an actual violation of the FDCPA by filing a collection complaint. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470 (7th Cir. 2007).

## Third Affirmative Defense

If any FDCPA violation is found, which defendant denies occurred, said violations were not intentional and resulted from a bona fide error notwithstanding defendant's reasonable procedures adapted to avoid such error.

## Fourth Affirmative Defense

Plaintiff fails to state a cause of action for any violation of the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.*

## Fifth Affirmative Defense

Defendant states that plaintiffs fail to state a cause of action for the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*

## Sixth Affirmative Defense

Defendant states that any award of damages is subject to a set-off and/or recoupment of any and all sums due and owing by plaintiffs.

## Seventh Affirmative Defense

Plaintiffs' claims, statements or actions taken in their state court proceedings at issue in the First Amended Complaint are subject to the litigation privilege and/or witness immunity doctrine.

6339937v1 62611

## Eighth Affirmative Defense

To the extent plaintiffs' allegations in the First Amended Complaint addressing Illinois state court lawsuits give way to issues already litigated, adjudicated and which could have been raised, plaintiffs' claims are barred by the doctrines of *res judicata* and/or collateral estoppel so these matters are not re-litigated in federal court.

## Ninth Affirmative Defense

Plaintiffs' First Amended Complaint seeks relief from Illinois state court judgments and contains allegations inextricably intertwined with such judgments in cases that were first filed and pending in the Illinois State Court system. Thus, the Court here should abstain on the basis of the *Colorado River* and/or *Rocker-Feldman* doctrines.

WHEREFORE, Defendant, RJM Acquisitions LLC, respectfully requests this Court enter judgment in its favor and against plaintiffs on Plaintiffs' First Amended Complaint.

Respectfully Submitted,

 s/*Corinne C. Heggie*
One of the attorneys for Defendant,
RJM Acquisitions LLC

David M. Schultz
Corinne C. Heggie
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
312-704-3000

6339937v1 62611

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHINITA WASHINGTON, individually and on )
behalf of the classes defined herein,          )
                                               )
                Plaintiff,                     )
                                               )          Case No.: 08 CV 2825
v.                                             )
                                               )          Judge Aspen
RJM ACQUISITIONS, LLC,                         )
                                               )
                Defendant.                     )
                                               )

**CERTIFICATE OF SERVICE**

         I, the undersigned, an attorney, on oath state that on **August 5, 2008** I served the above
and foregoing **Federal Rule 7.1 Disclosure Statement and Answer to First Amended
Complaint** via electronic mail to the following:

Cassandra Miller
Dan Edelman
Edelman Combs Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Fl.
Chicago, IL 60602
cmiller@edcombs.com

                                      Respectfully submitted
                                      By: /s/Corinne C. Heggie
                                      One of the Attorneys for Defendant,
                                      **RJM Acquisitions, LLC**

David M. Schultz
Corinne C. Heggie
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
312-704-3000